UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROY SASTROM AND | : | CIVIL ACTION NO. |
| ROBERT KALMAN | : | 3:02cv02132 (AWT)(DFM) |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES CASSIDY, PH.D., JD, AND | : | |
| GARRELL MULLANEY, C.E.O. | : | |
| *Defendants* | : | JANUARY 27, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER

### I.   Nature of the Case

Plaintiffs, Roy Sastrom and Robert Kalman, reside at the Whiting Forensic Division of the Connecticut Valley Hospital (hereinafter "Whiting"). Whiting is a maximum security facility operated by the State of Connecticut that provides treatment for patients who are both mentally ill and dangerous.

Plaintiff Sastrom has been under the jurisdiction of the Psychiatric Security Review Board (hereinafter the "PSRB") since 1994 having been sentenced to a commitment term of forty (40) years for four counts of harassment in the first degree and four counts of threatening. The PSRB is the state agency charged with monitoring the custody, treatment and release of acquittees in Connecticut. Conn. Gen. Stat. §§ 17a-580 *et. seq.*

Upon commitment, Mr. Sastrom resided at Whiting from July 1994 through April 2001. In April of 2001, an application was made to the PSRB to transfer him to a less restrictive hospital setting, Connecticut Valley Hospital (hereinafter "CVH"). The PSRB granted the application. Mr. Sastrom remained at CVH until July 2002 when he escaped and went AWOL

from hospital grounds.  Since his recapture and return to CVH a day later, Mr. Sastrom has remained confined in maximum security at Whiting.

Prior to 1994, Mr. Sastrom was incarcerated at Somers Correctional Center on a fifteen (15) year sentence for Attempted Larceny first degree (four counts).  While at Somers Correctional Center, Mr. Sastrom wrote threatening letters and extortion letters to a person whose wife he had known in the past.  Mr. Sastrom's prison time had included many episodes of suicide attempts and gestures, and self-mutilating actions.  He had been transferred to Whiting and returned to Somers a few months before the letter writing began.

Plaintiff Kalman has been under the PSRB's jurisdiction since September 25, 2002, having been sentenced to a commitment term of thirty-five (35) years for Illegal Possession of Explosives, Risk of Injury (two counts) and Failure to Appear first degree.

By way of background, on June 8, 2000, the Madison, Connecticut police, the State police and the Federal Bureau of Alcohol, Tobacco and Firearms were sent to Mr. Kalman's residence with a search and seizure warrant for his person, vehicle and premises.  Mr. Kalman shared his residence with a "common law wife" and her two children, ages thirteen and fourteen.  The police found and confiscated items used in the preparation and packaging of narcotics as well as cocaine and explosive devices with fuses.  This was following an incident in June 2000, when Mr. Kalman was involved in a physical altercation in New Haven, Connecticut.  Following a fist fight, he allegedly pulled a machine gun from a guitar case and pointed it at the other person.  During this time, Mr. Kalman had been drinking alcohol and using cocaine.

Plaintiffs filed an Amended Complaint on March 7, 2003 against two officials of Whiting in their official capacities only pursuant to 28 U.S.C. § 2201.   The plaintiffs request this Court to declare that numerous hospital practices and/or policies and understandings have deprived

2

them of civil rights guaranteed them under state law. They seek the enforcement of the alleged state law rights by means of the 14th Amendment to the United States Constitution.

Defendants filed their Answer to the Amended Complaint on March 26, 2003. In addition, defendants have provided responses to plaintiffs' discovery requests. On August 27, 2003, defendants provided a response to the interrogatories sent by the plaintiffs to Dr. James Cassidy. On October 30, 2003, defendants provided a response to the request for admissions sent by the plaintiffs to the defendants. Pursuant to an Order issued on September 9, 2003, the Honorable Alvin W. Thompson ordered that discovery be completed on or before November 10, 2003. (Certification and Affidavit of Patrick B. Kwanashie, January 27, 2004, Exhibit 2.)

Plaintiffs have failed to respond to defendants' interrogatories and the request for production which the defendants sent to plaintiffs more than five months ago on August 13, 2003. Pursuant to Fed. R. Civ. P. 37(d), defendants are seeking an order from this Court striking the plaintiffs' complaint in its entirety, dismissing the plaintiffs' complaint in its entirety or rendering a judgment by default against plaintiffs for failure to serve responses to interrogatories and for failure to produce documents with respect to defendants' request for production. In the alternative, defendants are seeking an order from this Court compelling plaintiffs to immediately respond to the discovery requests.

## II. <u>Argument</u>

A party may seek the assistance of the Court in resolving a discovery dispute only after complying with Fed. R. Civ. P. 37(a)(2)(A) and D. Conn. L. Civ. R 37(a)(2). Defendants have complied with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut. Counsel for defendants has attempted to resolve this dispute without court action as required by Fed. R. Civ. P. 37a(2)(A). On December

2, 2003, counsel for the defendants sent a letter to the plaintiffs seeking an amicable settlement of the matter and indicating that the defendants will file this motion if the plaintiffs did not comply with the defendants' discovery request. (Letter to Robert Kalman, December 2 2003, and Letter to Roy Sastrom, December 2, 2003, attached to Certification and Affidavit Patrick B. Kwanashie, January 27, 2004, Exhibit 2.)  To date, the plaintiffs have yet to comply with the request.

"The discovery rules are accorded a broad and liberal treatment in order to affect their purpose of adequately informing litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979).  Relevancy is broadly construed and discovery requests should be considered relevant if there is any possibility that the information sought may lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

Discovery is normally allowed into any matter related to the issues in the case or that could lead to relevant information.  Kimbro v. I.C. System, Inc., 2002 U.S. Dist. LEXIS 14599, 2 (July 22, 2002). (Exhibit 3.)  Information sought by a party need not be admissible as evidence in order to be discoverable.  *Id*., *citing* Seattle Times Co. v. Rhinehart, 467 U.S. 20, 29-30, 104 S.Ct. 2199, 81 L.Ed 2d 17 (1984).  Referring to Fed. R. Civ. P. 26, the Second Circuit Court of Appeals commented that this "obviously broad rule is liberally construed." *Id*., *citing* Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).

Defendants' interrogatories and request for production are clearly seeking evidence relevant to this case and evidence which may lead to the discovery of admissible evidence. Plaintiffs have refused to respond and have not filed an objection, yet have had time to file and pursue other cases in the federal as well as state courts and they are active in matters pending before the PSRB. (Affidavit of Nancy Brayman, January 23, 2004, Exhibit 4.)  A search of the

4

federal and state court docket summaries reveal 9 active lawsuits filed by the plaintiffs, both individually and jointly. (Certification and Affidavit, Patrick B. Kwanashie, January 27, 2004, Exhibit 2; United States District Court Civil Docket Summaries, Exhibit 5; State of Connecticut, Judicial District Case Details, Exhibit 6.)

Under Fed. R. Civ. P. 37(d), if a party fails to serve a written response to interrogatories, this Court is authorized to take action pursuant to Fed. R. Civ. P. 37(b)(2)(C). Such action includes striking the complaint in its entirety, dismissing the action in its entirety or rendering a judgment by default against the disobedient party. *Id.* Considering the circumstances of this case, such action is clearly warranted by plaintiffs' willful and repeated non-compliance for such an extended period of time. Plaintiffs have acted in bad faith, have wasted this Court's valuable time, and they have wasted defendants' time and resources. Such behavior is an abuse of the judicial system and warrants dismissal pursuant to Fed. R. Civ. P. 37(d).

    **a.**    **Interrogatories** (Exhibit 1.)[1]

Interrogatories 1 through 3, 6, 7, 12 through 17, and 22 are directly related to the allegations in paragraphs 6 through 25 of the plaintiffs' amended complaint. They ask the plaintiffs how they believe certain of their rights were violated and who they allege violated their rights.

These interrogatories are permissible because they elicit information concerning the specific nature of plaintiffs' allegations. This information is necessary in order for defendants to defend themselves. Therefore, the interrogatories are well within the acceptable area of inquiry for a discovery request.

---

[1] Of note, the plaintiffs have not filed any objections with the Court asserting that the defendants' interrogatories are improper in scope.

<u>Interrogatories 1 through 5, 10, 18</u> request information regarding persons who plaintiffs may call to testify in this matter including any expert witnesses. They request information regarding anticipated testimony, and the facts which such testimony is based. They request information regarding documents the witnesses may have seen.

These items should be allowed because they are directly relevant to this case in that they identify witnesses who may testify. Certainly, defendants have a right to know which witnesses, including expert witnesses, may testify in this matter and the basis for any opinion they may hold. Further, the interrogatories may lead to the discovery of additional relevant evidence.

<u>Interrogatory 8</u> requests that the plaintiffs inform the defendants whether any of the allegations made in their complaint have ceased.

<u>Interrogatory 9</u> requests that the plaintiffs identify all formal and informal complaints or grievances made involving staff at Whiting or any other health care agency or facility at any time prior to or subsequent to incidents which are the subject of their complaint.

<u>Interrogatory 11</u> requests that the plaintiffs describe all contact they have had with staff from Whiting or the Department of Mental Health and Addiction Services concerning any aspect of the incidents they allege in their complaint.

As to interrogatories 8, 9 and 11, this information is directly relevant to the defense of this case. They seek information pertaining to whether the plaintiffs have taken advantage of grievance procedures available to them and whether the alleged violations are on-going. They also seek to uncover any statements which the plaintiffs' attribute to either the defendants or other employees of Whiting and the state of Connecticut.

<u>Interrogatories 19 and 21</u> request that the plaintiffs state whether they have evidence i.e. photographs, motion pictures, maps, videotape and/or sound recordings, drawings, diagrams,

6

measurements or other tangible evidence or descriptions concerning the incidents or the scene of the incidents described in the complaint.

These items should be allowed because they directly relate to the plaintiff's complaint. They seek a description of documents and other tangible evidence which may be in the plaintiffs' possession. This information is relevant and may lead to the discovery of other relevant evidence.

<u>Interrogatory 20</u> requests that the plaintiffs identify all persons who assisted them or that they consulted in preparing their answers to the interrogatories.

This information may lead to the discovery of other relevant evidence and possible witnesses.

    **b.**    **Request for Production** (Exhibit 1.)[2]

Requests for Production 1 through 4 ask for each and every communication document that the plaintiffs used to respond to the interrogatories; any document the plaintiffs deem relevant to any allegation of their complaint; any document the plaintiffs intend to offer as an exhibit in pursuit of this case; and any written or recorded statements taken from any lay or testifying expert witness concerning this case.

All of this information is relevant, necessary and clearly discoverable under the Federal Rules of Civil Procedure. The requests seek basic information regarding the specific allegations of the complaint. It is specifically tailored to plaintiff's allegations, and therefore should be allowed by this Court.

---

[2] The plaintiffs have not filed an objection with this Court asserting that the defendants' request for production is improper in scope.

### III.  Conclusion

For the foregoing reasons, the defendants respectfully request that this Court dismiss the plaintiffs' action with prejudice for failure to answer the interrogatories and requests for production despite reasonable efforts to resolve this matter without judicial intervention.  The plaintiffs have acted in bad faith and have wasted this Court's time.

                    Respectfully submitted,

                    **DEFENDANTS**

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

                    Richard J. Lynch
                    Assistant Attorney General

BY: _____
      Patrick B. Kwanashie
      Assistant Attorney General
      Federal Bar No. ct09206
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0120
      Tel: (860) 808-5210
      Fax: (860) 808-5385

### **CERTIFICATION**

I hereby certify that a copy of the foregoing <u>Defendants' Memorandum In Support of Defendants' Motion For Order</u> was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 27th day of  January, 2004,  first class postage prepaid to:

| | |
|---|---|
| Roy Sastrom | Robert Kalman |
| Whiting Forensic Division | Whiting Forensic Division |
| Connecticut Valley Hospital | Connecticut Valley Hospital |
| 70 O'Brien Drive | 70 O'Brien Drive |
| Middletown, CT  06457 | Middletown, CT  06457 |

                                _____
                                Patrick B. Kwanashie
                                Assistant Attorney General
                                Federal Bar No. ct09206