UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROY SASTROM AND ROBERT KALMAN,       :
                                     :
    Plaintiffs,                      :
                                     :
v.                                   :    CASE NO. 3:02CV2132(AWT)
                                     :
JAMES CASSIDY, ET AL.,               :
                                     :
    Defendants.                      :

## RULING ON DEFENDANTS' MOTION FOR ORDER

The plaintiffs, appearing pro se, seek a declaratory judgment that certain policies of Whiting Forensic Division of Connecticut Valley Hospital ("Whiting") violate their civil rights. On August 13, 2003, the defendants, Whiting officials, served their "First Set of Interrogatories and Requests for Production of Documents" on the plaintiffs. The plaintiffs' responses to the defendants' discovery requests were due within 30 days after service of the requests. See Fed. R. Civ. P. 33(b)(3)(party upon whom interrogatories have been served shall serve answers within 30 days after the service of the interrogatories); Fed. R. Civ. P. 34(b)(party upon whom the request for production of documents is served shall serve a written response within 30 days after the service of the request). The plaintiffs have not served any responses. Pending before the court is the defendants' "motion for order." (Doc. #22.) The defendants request that the court enter an order "striking the plaintiffs' complaint in its entirety, dismissing the plaintiffs' complaint in its entirety or rendering

a judgment by default against plaintiffs" for their failure to serve responses to the defendants' discovery requests. In the alternative, the defendants request that the court order the plaintiffs to comply with the discovery requests. The motion is DENIED in part and GRANTED in part.

If a party fails to provide discovery, Rule 37 of the Federal Rules of Civil Procedure provides for the entry of such orders "as are just," including any of several sanctions enumerated in Rule 37(b). Among these sanctions are the entry of dismissal or default, the striking of the pleadings of the offending party and the award of reasonable expenses, including attorney's fees. A district court has broad power to impose sanctions for failure to comply with discovery requests. Friends of Animals, Inc. v. U.S. Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997). When a litigation-ending sanction is sought, the court considers the following factors: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). Dismissal is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault on the part of the party. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759,

764 (2d Cir. 1990). The court must first warn a pro se litigant of the consequences of noncompliance. <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 50 (2d Cir. 1994).

On the present record, the defendants' request for a litigation-ending sanction is premature. Accordingly, their request for an order striking of the complaint, dismissing the action or entering a default judgment is denied. However, the defendants' request for an order ordering the plaintiffs to serve responses to the discovery requests is granted.

**IT IS HEREBY ORDERED** that the plaintiffs shall serve responses to the defendants' first set of interrogatories and requests for production of documents dated August 13, 2003 within 25 days of receipt of this order.[1]

The plaintiffs are on notice that failure to comply with the court's order may subject the plaintiffs to sanctions, including the dismissal of this action with prejudice.

SO ORDERED this 10th day of February 2004 at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge

---

[1] Failure to respond or object to a discovery request in a timely manner waives any objection which may have been available. <u>Smith v. Conway Organization, Inc.</u>, 154 F.R.D. 73 (S.D.N.Y. 1994); <u>Scott v. Arex, Inc.</u>, 124 F.R.D. 39, 41 (D.Conn. 1989).