UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROY SASTROM AND | : | CIVIL ACTION NO. |
| ROBERT KALMAN | : | 3:02cv02132 (AWT)(DFM) |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES CASSIDY, PH.D., JD, AND | : | |
| GARRELL MULLANEY, C.E.O. | : | |
| *Defendants* | : | APRIL 21, 2004 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

**I.    Nature of the Case**

The plaintiffs, Roy Sastrom and Robert Kalman, reside at the Whiting Forensic Division of the Connecticut Valley Hospital (hereinafter "Whiting"). Whiting is a maximum security facility operated by the State of Connecticut that provides treatment for patients who are both mentally ill and dangerous.

Plaintiff Sastrom has been under the jurisdiction of the Psychiatric Security Review Board (hereinafter the "PSRB") since 1994 having been sentenced to a commitment term of forty (40) years for four counts of harassment in the first degree and four counts of threatening. The PSRB is the state agency charged with monitoring the custody, treatment and release of acquittees in Connecticut. Conn. Gen. Stat. §§ 17a-580 *et. seq.*

Plaintiff Kalman has been under the PSRB's jurisdiction since September 25, 2002. He was committed for a term of thirty-five (35) years after he was acquitted for Illegal Possession of Explosives, Risk of Injury (two counts) and Failure to Appear first degree.

The plaintiffs filed an Amended Complaint on March 7, 2003 against two officials of Whiting, defendants Cassidy and Mullaney, in their official capacities only based on 28 U.S.C. § 2201. In their complaint, plaintiffs request that this Court to declare that numerous hospital practices and/or policies and understandings have deprived them of civil rights guaranteed them under state law. They seek the enforcement of the alleged state law rights by means of the 14th Amendment to the United States Constitution.

The defendants filed their Answer to the Amended Complaint on March 26, 2003. In addition, the defendants have provided responses to the plaintiffs' discovery requests. On August 27, 2003, the defendants provided a response to the interrogatories sent by the plaintiffs to Dr. James Cassidy. On October 30, 2003, the defendants provided a response to the request for admissions sent by the plaintiffs to the defendants. By Order issued on September 9, 2003, the Honorable Alvin W. Thompson ordered that discovery be completed on or before November 10, 2003. (Certification and Affidavit of Patrick B. Kwanashie, January 27, 2004, Exhibit 1.)

On August 13, 2003, the defendants sent the plaintiffs a set of interrogatories and request for production. On August 28, 2003, the plaintiffs requested from the Court an additional sixty days to file their responses to the defendants' interrogatories and request for production, which request the Court, Thompson, J., granted by order dated September 9, 2003. Judge Thompson's order gave the plaintiffs until November 10, 2003, to file their responses. It has been seven (7) months since Judge Thompson issued that order and the plaintiffs have yet to respond.

On December 2, 2003, counsel for the defendants sent letters to the plaintiffs, pursuant to Fed. R. Civ. P. 37a(2)(A), seeking compliance with the discovery requests without judicial intervention. (Letter to Robert Kalman, December 2, 2003, and Letter to Roy Sastrom,

December 2, 2003, attached to Certification and Affidavit Patrick B. Kwanashie, January 27, 2004, Exhibit 2 and 1 respectively.) The plaintiffs neither replied to the letters nor complied with the request. Nor did the plaintiffs object to any of the requests.

Consequently, on January 27, 2004, the defendants, pursuant to Fed. R. Civ. P. 37(d), sought an order from this Court striking the plaintiffs' complaint, dismissing the plaintiffs' complaint or rendering a judgment by default against the plaintiffs for failure to serve responses to interrogatories and for failure to produce documents with respect to the defendants' request for production. Alternatively, the defendants sought an order from this Court compelling the plaintiffs to immediately respond to the discovery requests.

On February 10, 2004, the Honorable Judge Donna F. Martinez issued an Order which granted in part and denied in part the defendants' motion. The Order compelled the plaintiffs to respond to the defendants' interrogatories and the request for production dated August 13, 2003 within 25 days of the receipt of the Order, which was dated February 10, 2004. It also placed the plaintiffs on notice that the Court may dismiss their complaint, should they fail to comply with the order. It has been far more than twenty-five (25) days since the plaintiffs should have received the Order. The plaintiffs have not complied with the Order. To date, the defendants have yet to receive the plaintiffs' responses. Therefore, the plaintiffs have failed to comply with the Court's February 10, 2004 Order and, the defendants now, pursuant to Fed. R. Civ. P. 37(d) ask the court to dismiss their action.

II.   **ARGUMENT**

A.   **Plaintiffs' Failure to Comply with The defendant's Discovery Requests is in Violation of the Federal Rules of Civil Procedure 33 and 34 and Warrants Dismissal of Plaintiffs' Complaint.**

Plaintiffs' failure to comply with the defendants' discovery requests has seriously impaired the defendants' ability to defend itself regarding the allegations in the complaint and is in violation of Federal Rules 33 and 34. Rules 26, 33 and 34 of the Federal Rules of Civil Procedure permit any party to serve any other party with interrogatories. In addition, these rules require a party upon whom interrogatories have been served to serve answers or objections within thirty days of service. Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34(b). In accordance with these rules, the defendants served the plaintiffs with interrogatories on August 13, 2003.

The plaintiffs have not responded to the interrogatories. The interrogatories sent to the plaintiffs are directly related to the allegations in plaintiffs' complaint. They seek information which is critical to the defendants' defense of this meritless claim. The plaintiffs' repeated failure to respond to these interrogatories, even after this Court's order and a good faith attempt to resolve this matter without judicial intervention, demonstrates their lack of good faith and warrants dismissal as more fully described below.

B.   **The Court Should Sanction The Plaintiffs by Dismissing This Action.**

The Court should sanction the plaintiffs by dismissing their action for failing to comply with reasonable discovery requests. Fed. R. Civ. P. 37(d). Rule 33 of the Federal Rules of Civil Procedure provides that "each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for

objection and shall answer to the extent the interrogatory is not objectionable." The plaintiffs have neither answered the defendants' discovery requests nor objected.

Rule 37 of the Federal Rules of Civil Procedure allows for sanctions to be imposed against the party who fails to comply with requests made pursuant to Rule 26 of the Federal Rules. Fed. R. Civ. P. 37(d) allows the Court to impose sanctions detailed in Fed. R. Civ. P. 37(b)(2)(C) which specifically include "an order striking out pleadings ... or dismissing the action or proceeding ... or rendering a judgment by default against the disobedient party." An order dismissing this action is appropriate because the plaintiffs have willfully failed to separately and fully respond to interrogatories as required by Federal Rule 33(b)(1). (Tsimbidaros v. International Broth. of Painters, 1996 WL 346629 (2nd Cir. Conn.)(Oakes, Walker, J.J.) *cert. denied* 519 U.S. 1148, 1177 S.Ct. 1081 (1997), attached as Exhibit 3).

### III.   Conclusion

For the foregoing reasons, the defendants respectfully request that this Court sanction the plaintiffs for failing to respond to the defendants' discovery requests by dismissing this case. Plaintiff's were warned that should they continue to fail to respond to the discovery requests, their case may be dismissed by the Court. The plaintiffs have not acted in good faith, are wasting this Court's and the defendants' time and resources, and are making a mockery of the judicial process. The defendants have been prejudiced by the plaintiffs' actions. As a result of the plaintiffs' failure, the defendants have been unable to advance in preparing their motion for summary judgment. Therefore, the plaintiffs' action should be dismissed.

THE DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General

BY: _____
Patrick B. Kwanashie
Assistant Attorney General
Federal Bar No. ct09206
P.O. Box 120
55 Elm Street
Hartford, CT  06141-0120
Tel:  (860) 808-5210
Fax:  (860) 808-5385

## CERTIFICATION

I hereby certify that pursuant to § 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing was mailed, postage prepaid, this 21th day of April, 2004, to:

Roy Sastrom
Connecticut Valley Hospital
P.O. Box 351
Middletown, CT 06457

Robert Kalman
Connecticut Valley Hospital
P.O. Box 351
Middletown, CT 06457

BY: *P. Kwanashie*
      Patrick B. Kwanashie
      Assistant Attorney General

Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROY SASTROM AND : CIVIL ACTION NO.
ROBERT KALMAN : 3:02cv02132(AWT)(DFM)
:
v. :
:
JAMES CASSIDY, PH.D., JD, AND :
GARRELL MULLANEY, C.E.O : JANUARY 27, 2004

## CERTIFICATION AND AFFIDAVIT

I, Patrick B. Kwanashie, having been sworn, depose and say:

1. I am over the age of eighteen years and I believe in the obligations of an oath.

2. I am employed as an Assistant Attorney General in the Office of the Attorney General in the State of Connecticut.

3. I am counsel of record in <u>Sastrom and Kalman v. Cassidy and Mullaney</u> 3:02cv02132(AWT)(DFM).

4. On August 13, 2003, I served on the plaintiffs in accordance with the Federal Rules of Civil Procedure <u>Defendants' First Set of Interrogatories And Request For Production Of Documents To Plaintiffs</u>.

5. On September 9, 2003, the Honorable United States District Court Judge Alvin W. Thompson issued an Order (hereinafter the "Order") on plaintiffs' motion for an extension of time to respond to <u>Defendants' First Set of Interrogatories And Request For Production Of Documents To Plaintiffs</u>. Said Order granted the plaintiffs' request requiring plaintiffs to respond to

the defendants' interrogatories and request for production by November 10, 2003.

6. On December 2, 2003, pursuant to Fed. R. Civ. P. 37(a)(2)(A) and D. Conn. L. Civ. R 37(a)(2), I made a good faith attempt to resolve this discovery dispute without judicial intervention allowing the plaintiffs until December 31, 2003 to respond to defendants' discovery requests. (Letter to Robert Kalman, December 2, 2003 and Letter to Roy Sastrom, December 2, 2003.) The plaintiffs are currently being confined at the Whiting Forensic Division of Connecticut Valley Hospital, a maximum security mental health facility.

7. As of the date of this certification, I have not received a response from either plaintiff.

*P. Kwanashie*

Patrick B. Kwanashie
Assistant Attorney General
Counsel for Defendants

STATE OF CONNECTICUT    }
                        }    ss. HARTFORD
COUNTY OF HARTFORD      }

Sworn and subscribed to before me on this 27th day of January, 2004

Emily V. Melendez
Commissioner of Superior Court


Exhibit 2

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5210
Fax: (860) 808-5385

December 2, 2003

Roy Sastrom
Whiting Forensic Institute
70 O'Brien Drive
Middletown, CT 06457

RE: <u>Sastrom & Kalman v. Cassidy & Mullaney</u>
Civil Action No. 3:02cv02132 (AWT)(DFM)

Dear Mr. Sastrom:

On August 13, 2003, I sent you *Defendants' First Set Of Interrogatories And Request For Production Of Documents To Plaintiffs*. You were required by the Federal Rules of Civil Procedure to answer these interrogatories and to produce the documents requested within thirty (30) days of receipt of the interrogatories and request for production.

On or about August 28, 2003, you filed a motion for enlargement of time seeking an additional 60 days to respond to *Defendants' First Set Of Interrogatories And Request For Production Of Documents To Plaintiffs*. That motion was granted, giving you until November 10, 2003 to respond to the defendants' discovery request.

To date, I have not received your response. In an effort to resolve this issue without judicial intervention, I will give you until December 31, 2003, to provide the required response or a legitimate reason for your failure to comply. Your inability to respond to a certain interrogatory or request for production does not excuse failure to respond or produce replies to the other interrogatories and requests for documents. If I do not receive the required responses by December 31, 2003, I will file motions with the Court to seek dismissal of your case or other remedies available to the defendants.

Please note that the discovery deadline was November 10, 2003 and that summary judgment is due December 8, 2003. Because I have not received your responses, I am not able to meet the current deadline for filing summary judgment thus necessitating another motion for enlargement of time.

Very truly yours,

*P. Kwanashie*

Patrick B. Kwanashie
Assistant Attorney General

PBK/lr
Enclosure

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Tel: (860) 808-5210
Fax: (860) 808-5385

Office of The Attorney General
## State of Connecticut

December 2, 2003

Robert Kalman
Whiting Forensic Institute
70 O'Brien Drive
Middletown, CT 06457

RE: <u>Sastrom & Kalman v. Cassidy & Mullaney</u>
Civil Action No. 3:02cv02132 (AWT)(DFM)

Dear Mr. Kalman:

On August 13, 2003, I sent you *Defendants' First Set Of Interrogatories And Request For Production Of Documents To Plaintiffs*. You were required by the Federal Rules of Civil Procedure to answer these interrogatories and to produce the documents requested within thirty (30) days of receipt of the interrogatories and request for production.

On or about August 28, 2003, you filed a motion for enlargement of time seeking an additional 60 days to respond to *Defendants' First Set Of Interrogatories And Request For Production Of Documents To Plaintiffs*. That motion was granted, giving you until November 10, 2003 to respond to the defendants' discovery request.

To date, I have not received your response. In an effort to resolve this issue without judicial intervention, I will give you until December 31, 2003, to provide the required response or a legitimate reason for your failure to comply. Your inability to respond to a certain interrogatory or request for production does not excuse failure to respond or produce replies to the other interrogatories and requests for documents. If I do not receive the required responses by December 31, 2003, I will file motions with the Court to seek dismissal of your case or other remedies available to the defendants.

Please note that the discovery deadline was November 10, 2003 and that summary judgment is due December 8, 2003. Because I have not received your responses, I am not able to meet the current deadline for filing summary judgment thus necessitating another motion for enlargement of time.

Very truly yours,

*P. Kwanashie*

Patrick B. Kwanashie
Assistant Attorney General

PBK/lr
Enclosure

101 F.3d 687 (Table)
Unpublished Disposition

**Exhibit 3**

Page 1

(Cite as: 101 F.3d 687, 1996 WL 346629 (2nd Cir.(Conn.)))

H
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Second Circuit.

Apostolos TSIMBIDAROS, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF PAINTERS & ALLIED TRADES, Painters Local Union
1719, Paul Chromanski, Business Manager; Mark Armentano; President;
International Brotherhood of Painters and Allied Trades, Defendants-Appellees.

No. 95-9040.

June 25, 1996.

Appeal from the United States District Court for the District of Connecticut.

D.Conn.

AFFIRMED.

Apostolos Tsimbidaros, pro se, Bridgeport, CT, for Appellant.

Barbara L. Camens, Barr, Peer & Camens, Washington, DC, for Appellees.

Before OAKES, ALTIMARI and WALKER, Jr., Circuit Judges.

**1 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut (Thomas, D.J.), and was argued by the appellant and submitted by the appellees.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Apostolos Tsimbidaros, who is proceeding *pro se*, appeals from a judgment of the district court dismissing his complaint with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C), as a sanction for his failure to comply with discovery orders. Tsimbidaros brought this action for damages against International Brotherhood of Painters and Allied Trades and the Painters Local Union 1719. [FN1] Plaintiff's second amended complaint alleges, *inter alia*, that the defendants violated their bylaws by 1) intentionally keeping Tsimbidaros on the "unemployed list" and giving work which was due him to other union members, and 2) allowing out-of-state contractors to complete jobs without hiring the requisite percentage of local workers.

FN1. Tsimbidaros's original complaint included three individual defendants who were not included in the amended complaint.

AT the outset of Tsimbidaros's first deposition, held on August 19, 1993, Tsimbidaros testified that he was under the influence of certain medication, and consequently would not be bound by his testimony. On September 16, 1993, defendants filed a joint motion to compel discovery, alleging that Tsimbidaros had filed no responses or objections to their requests for interrogatories to clarify the claims in his complaint, had responded only in part to their requests for production of documents, and had refused to be deposed.

On October 12, 1993, the district court ordered Tsimbidaros to respond, within twenty days, both to defendants' interrogatories and to their request for documents, and to submit to a deposition within thirty days thereafter. The district court also specifically advised that "the continued violation of

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

101 F.3d 687 (Table)
Unpublished Disposition

Page 2

(Cite as: 101 F.3d 687, 1996 WL 346629 (2nd Cir.(Conn.)))

his discovery obligation will result in the imposition of sanctions, including attorneys' fees and/or dismissal with prejudice by this lawsuit." On January 10, 1994, Tsimbidaros complied by answering the defendants' interrogatories. In late 1994, Tsimbidaros twice moved for a stay due to surgery.

On January 26, 1995, Tsimbidaros failed to attend his second deposition without notifying the defendants, despite the fact that the defendants' letter advising him of the time and place instructed him to provide advance written notice if he was unable to attend. On February 3, 1995, the defendants filed a joint motion to dismiss Tsimbidaros' complaint with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C). On April 7, 1995, the magistrate judge found that, despite the court's several warnings, Tsimbidaros had refused to comply with discovery orders, delaying his case for nearly eighteen months. Accepting the recommendation of the magistrate judge, the district court granted the defendants' motion and awarded the defendants attorneys' fees in the amount of $2,344. On October 5, 1995, Tsimbidaros timely filed a notice of appeal.

**2 A district court's decision to dismiss an action for failure to comply with discovery orders will be reversed only if the decision is an abuse of discretion. *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988). The imposition of sanctions pursuant to Fed.R.Civ.P. 37 is within the broad discretion of the district court. *Minotti v. Lensink*, 895 F.2d 100, 102 (2d Cir.1990). Dismissal with prejudice is a harsh remedy that should be used only where the court finds willfulness, bad faith, or fault by the prospective deponent. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49-50 (2d Cir.1994)(citing *Bobal v. Rensselear Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir.1990), cert. denied, 499 U.S. 943 (1991)). Nonetheless, this severe sanction may be imposed even on a *pro se* plaintiff where the litigant adequately has been warned that noncompliance may result in dismissal. *Id.* at 50.

Because the district court adequately warned Tsimbidaros of the possible consequences of noncompliance with the discovery orders, the district court did not abuse its discretion. Tsimbidaros' contention that the surgeries performed on his arm may have prevented him from complying with the magistrate judge's deadlines for responding to interrogatories and requests for documents is unavailing, as both of the surgeries took place after the deadlines had expired. Moreover, although Tsimbidaros appeared at his first deposition, he rendered it a meaningless exercise by stating that his medication rendered him incapacitated. Second, Tsimbidaros failed to show up at the second deposition without notice, and he has failed to offer credible reasons either for his failure to appear or for his failure to give notice.

The award of damages was also not an abuse of discretion. Rule 37(b)(2) requires "the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that the circumstances make the award of expenses unjust." In this case, Tsimbidaros has not shown that he is indigent or put forth any other reason which would make awarding expenses unjust.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works