```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

ROY SASTROM AND ROBERT KALMAN,  :
                                :
     Plaintiffs,                :
                                :
     v.                         :      CASE NO. 3:02CV2132(AWT)
                                :
JAMES CASSIDY, ET AL.,          :
                                :
     Defendants.                :
```

ORDER TO SHOW CAUSE

In November 2002, the plaintiffs, appearing pro se, filed this action alleging that certain policies of the Whiting Forensic Division ("Whiting") of Connecticut Valley Hospital, where they are confined, violate their civil rights.  Pending before the court is the defendants' motion for sanctions in which they seek an order dismissing the plaintiffs' case for failure to comply with discovery orders.  (Doc. #28.)

On August 13, 2003, the defendants served the plaintiffs with the defendants' "First Set of Interrogatories and Requests for Production of Documents."  The plaintiffs did not serve any responses to the defendants' discovery requests.  The defendants filed a motion requesting that the court strike the plaintiffs' complaint or dismiss the case because of the plaintiffs' failure to comply with discovery requests. (Doc. #22.)  On February 11, 2004, the court denied the defendants' request for a litigation-ending sanction.  (Doc. #27.)  The court ordered the plaintiffs to serve responses to the defendants' discovery requests within 25 days of

receipt of the order. The court warned the pro se litigants of the consequences of noncompliance -- specifically, that the plaintiffs' failure to comply with the court's order may subject the plaintiffs to sanctions, including the dismissal of this action with prejudice.

Despite the court's order, the plaintiffs did not serve discovery responses. The defendants have now filed a second motion for sanctions in which they request that the plaintiffs' complaint be dismissed. (Doc. #28.) The plaintiffs have not filed any response to the motion. See D.Conn.L.Civ.R. 7(a) (requiring that a memorandum in opposition be filed within twenty-one days of the filing of the motion and stating failure to submit a memorandum in opposition may be deemed sufficient cause to grant the motion).

"[D]iscovery orders are meant to be followed. A party who flouts such orders does so at his peril." Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995) (internal quotations and citation omitted). A court may impose sanctions for failure "to obey an order to provide or permit discovery. . . ." Fed. R. Civ. P. 37(b)(2). Sanctions may include an order dismissing the case. Rule 37(b)(2)(C). Although "[d]ismissal with prejudice for discovery failures is a harsh sanction that is to be used only in extreme situations," it is appropriate if the court (a) finds willfulness, bad faith, or fault; (b) gives notice that violation of the court's order will result in a dismissal of the

case with prejudice and (3) determines that lesser sanctions would not suffice. Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995). See also Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) ("This Court does not hesitate to affirm the dismissal of claims as a sanction for 'willfulness, bad faith, or any fault' on the part of the sanctioned party.").

The plaintiffs are hereby **ORDERED** to **SHOW CAUSE** why the requested relief should not be granted. The plaintiffs shall file and serve, on or before **November 29, 2004,** a written statement showing why the defendants' motion should not be granted and the plaintiffs' case dismissed.

SO ORDERED this 26th day of October, 2004 at Hartford, Connecticut.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```