UNITED STATES DISTRICT COURT    FILED
DISTRICT OF CONNECTICUT

2005 JAN 31  P 1: 09

ROY SASTROM AND ROBERT KALMAN,    :
                                  :           U.S. DISTRICT COURT
        Plaintiffs,               :              HARTFORD, CT.
                                  :
        v.                        :           CASE NO.  3:02CV2132(AWT)
                                  :
JAMES CASSIDY, ET AL.,            :
                                  :
        Defendants.               :

RECOMMENDED RULING ON DEFENDANTS' MOTION FOR SANCTIONS

In November 2002, the plaintiffs, proceeding pro se, filed
this action alleging that certain policies of the Whiting Forensic
Division ("Whiting") of Connecticut Valley Hospital, where they are
confined, violated their civil rights.  Pending before the court is
the defendants' motion for sanctions in which they seek the
dismissal of the plaintiffs' complaint. (Doc. #28.)   For the
reasons set forth below, the court recommends that the motion be
GRANTED.

I.    Procedural Background

    On August 13, 2003, the defendants served the plaintiffs with
the defendants' "First Set of Interrogatories and Requests for
Production of Documents."   The plaintiffs did not serve any
responses to the defendants' discovery requests.   The defendants
filed a motion requesting that the court strike the plaintiffs'
complaint or dismiss the case because of the plaintiffs' failure to
comply with discovery requests.  (Doc. #22.)  On February 11, 2004,
the court denied the defendants' request for a litigation-ending

sanction.   (Doc. #27.)   The court ordered the plaintiffs to serve responses to the defendants' discovery requests within 25 days of receipt of the order.  The court warned the pro se litigants of the consequences of noncompliance -- specifically, that the plaintiffs' failure to comply with the court's order may subject the plaintiffs to sanctions, including the dismissal of this action with prejudice.

Despite the court's order, the plaintiffs did not serve discovery responses.  On April 30, 2004, the defendants filed a second motion for sanctions in which they request that the plaintiffs' complaint be dismissed.  (Doc. #28.)  The plaintiffs did not file any response to the motion.  See D.Conn.L.Civ.R. 7(a) (requiring that a memorandum in opposition be filed within twenty-one days of the filing of the motion and stating failure to submit a memorandum in opposition may be deemed sufficient cause to grant the motion).  On October 10, 2004, the court issued an Order to Show Cause ordering the plaintiff to show cause why the relief requested by the defendants should not be granted.  (Doc. #35.) The court further ordered the plaintiffs to file and serve, on or before November 29, 2004, a written statement showing why the defendants' motion should not be granted and the plaintiffs' case dismissed.  As of today's date, the plaintiffs have not opposed the defendants' motion or responded in any way to the court's orders.

II.   Discussion

A court may impose sanctions for failure "to obey an order to

provide or permit discovery. . . ." Fed. R. Civ. P. 37(b)(2).
Sanctions may include an order dismissing the case. Rule
37(b)(2)(C). "[D]iscovery orders are meant to be followed. A
party who flouts such orders does so at his peril." <u>Bambu Sales,
Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 853 (2d Cir. 1995)
(internal quotations and citation omitted). See <u>Baba v. Japan
Travel Bureau International, Inc.</u>, 111 F.3d 2, 5 (1997)("all
litigants, including <u>pro ses</u>, have an obligation to comply with
court orders. When they flout that obligation they . . . must
suffer the consequences of their actions.") Although "[d]ismissal
with prejudice for discovery failures is a harsh sanction that is
to be used only in extreme situations," it is appropriate if the
court (a) finds willfulness, bad faith, or fault; (b) gives notice
that violation of the court's order will result in a dismissal of
the case with prejudice and (3) determines that lesser sanctions
would not suffice. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 88 (2d Cir.
1995). <u>See Baba v. Japan Travel Bureau Int'l, Inc.</u>, 111 F.3d 2, 5
(2d Cir. 1997); <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 50
(2d Cir. 1994).

The plaintiffs have breached their discovery obligations and
have failed to comply with court orders. The plaintiffs were
specifically warned by the court that failure to comply with
discovery could subject them to serious sanctions, including
dismissal of this action with prejudice. In view of the
plaintiffs' failure to comply with their discovery obligations and

noncompliance with the court's orders, the court recommends that the defendants' motion seeking dismissal (doc. #28) be GRANTED and the case be DISMISSED.

Any party may object to this recommended ruling within ten days after being served with the report and recommendation. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut. Failure to timely object to a magistrate judge's report may operate as a waiver of any further judicial review of the decision. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this _31st_ day of _January_, 200_5_.

_____
Donna F. Martinez
United States Magistrate Judge